UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARROD N. GANT,

      Plaintiff,

      v.                                    Case No. 20-C-298

CAPT. VANLANEN,

      Defendant.

## SCREENING ORDER

Plaintiff Jarrod Gant, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On March 6, 2020, the court waived the initial partial filing fee and advised Plaintiff that he must notify the court within 21 days if he wishes to voluntarily dismiss the action. To date, Plaintiff has not indicated that he wishes to voluntarily dismiss this action. Therefore, the court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and will screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on November 27, 2019, he was escorted to the Restrictive Housing Unit (RHU) for disruptive behavior, disobeying orders, disrespect, and threats to staff. Upon arrival to RHU, Plaintiff was placed on three security precaution restrictions: "bag meal, back of cell/kneel, and two man escort." Dkt. No. 1 at 3. Plaintiff claims Defendant, the RHU supervisor,

authorized these restrictions due to Plaintiff's alleged threats to staff and ordered that the restrictions be in place for thirty days.

On December 9, 2019, Lieutenant Wickman conducted a hearing regarding Plaintiff's Conduct Report No. 00065807. Wickman found Plaintiff guilty of disobeying orders, disruptive behavior, and disrespect but not guilty of threatening staff. Plaintiff received thirty days of disciplinary separation. Plaintiff claims the restrictions imposed by Defendant were not removed from his cell door after he was found not guilty of threatening staff. He alleges he made multiple requests to remove the restrictions from his cell door, but Defendant did not respond to the requests. He remained on the restrictions from December 9, 2019 through December 19, 2019.

### THE COURT'S ANALYSIS

Plaintiff alleges Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment because the restrictions were imposed after he was found not guilty of threatening staff. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). As an initial matter, Plaintiff does not allege that Defendant knew of or received Plaintiff's multiple requests to remove the restrictions. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (to establish liability under § 1983, the complaint must contain allegations that an individual personally caused or participated in a constitutional deprivation). Even if Plaintiff alleged sufficient facts to show personal involvement, Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

3

To state an Eighth Amendment claim based on conditions of confinement, the conditions must result in unquestioned and serious deprivations of basic human needs or deprive the inmate of the minimal civilized nature of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 346–47 (1981). Plaintiff does not allege that the restrictions imposed denied him of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety while the restrictions were in place. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). Because the complaint contains no allegations that Defendant subjected Plaintiff to unconstitutional conditions of confinement, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

§ 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this  31st   day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court - WIED

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.